IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ERIC VON BORSTEL,

        Plaintiff,

vs.

HEATH JOHNSTON and WINDRIVER TRUCKING, LLC,

        Defendants.

No. 6:14-cv-00646-AA
OPINION AND ORDER

---

WINDRIVER TRUCKING, LLC,

        Third-Party Plaintiff,

vs.

LUTES TRANS ATLANTIC, LLC; KEVIN WINDER; and BRIAN RYBLOOM,

        Third-Party Defendants.

OPINION AND ORDER - Page 1

AIKEN, Judge:

For the past two years, Lutes Trans Atlantic, LLC ("LTA") has been engaged in this lawsuit against Windriver Trucking LLC ("Windriver"). This lawsuit began as a contract dispute between plaintiff Eric Von Borstel and Windriver.[1] Windriver filed a thirty-party complaint against LTA, Kevin Winder, and Brian Rybloom (collectively, "third-party defendants"), alleging fraud and breach of contract. First Am. Third-Party Compl. ¶¶ 24-60 (doc. 46). Third-party defendants counterclaimed for lost economic advantage and lost profits, alleging fraud, intentional interference with economic relations, and breach of contract. Third-Party Def. Am. Answer and Countercl. ¶¶ 35-63. (doc. 52). Before the Court now is Windriver's motion for discovery sanctions in the form of dismissal of LTA's counterclaim pursuant to Federal Rule of Civil Procedure 37. Doc. 81. For the reasons set forth below, Windriver's motion for sanctions is GRANTED and LTA's counterclaims are dismissed. The counterclaims asserted by Rybloom and Winder are unaffected by this order. Windriver has also moved for an order compelling Rybloom and Winder to appear for depositions. Doc. 90. That motion is also GRANTED.

## BACKGROUND

Windriver has been attempting to secure complete discovery from LTA for more than two years. Relevant here are two requests for production, one filed June 19, 2014, and the other filed December 2, 2014. LTA produced partial discovery in response to these requests, but never produced a significant number of the requested documents. In February 2015, Windriver filed a motion to compel production, to which LTA filed no response. Docs. 32, 41. In April 2015, this Court granted

---

[1] Defendant Heath Johnston is an owner of Windriver. Complaint ¶ 4. The dispute between Von Borstel, Johnston, and Windriver has been settled and dismissed. Doc. 24.

OPINION AND ORDER - Page 2

Windriver's motion to compel production, ordering LTA to produce all discovery responsive to Windriver's requests for production by June 8, 2015. *See* doc. 41. More than a year has passed since that deadline. During that time, Windriver reminded LTA of the discovery order on at least four separate occasions. Windriver contends LTA repeatedly promised to produce the missing documents, but failed to follow through. Def. and Third-Party Pl. Windriver Trucking LLC's Mot. for Sanctions against Third-Party Def. Lutes Trans Atlantic, LLC, AKA LTA, LLC 6-7 (doc. 70) (hereafter "First Mot. for Sanctions). LTA never argued the missing documents were beyond the scope of discovery, asserted any privilege related to the missing documents, or otherwise explained the delay to Windriver or this Court.

In May 2015, LTA was ordered to appear at a status conference in order to show cause as to why it should not be subject to sanctions. Doc. 73. These sanctions included holding LTA in contempt, striking LTA's counterclaims, and awarding Windriver attorney's fees and costs. First Mot. for Sanctions at 2 (doc. 70). The order expressly warned LTA it was subject to the sanction of default if it did not appear at the status conference. Doc. 73. When LTA failed to appear, it was held in contempt, ordered to pay all reasonable attorney's fees and costs incurred by Windriver in attempting to obtain the missing documents, and warned about the possibility of having its counterclaims dismissed. Doc. 76. However, the Court declined to strike LTA's counterclaims at that time, and instead ordered LTA to comply with the outstanding discovery requests by July 1, 2016. *Id.* When LTA yet again failed to comply with this order, Windriver renewed their request that the counterclaims be dismissed. Doc. 81. Yet again this court ordered LTA to show cause as to why its

OPINION AND ORDER - Page 3

counterclaims should not be dismissed with prejudice. Doc. 86. LTA has not responded.[2]

This protracted discovery battle has been complicated by a number of changes in LTA's representation. One day before Windriver filed its motion to compel production, LTA's initial counsel of record moved to withdraw due to undisclosed ethical concerns. Doc. 31. This Court granted that motion, and accordingly LTA was unrepresented when the motion to compel was litigated and the discovery order was issued. Docs. 35, 41. In recognition of that fact, the Court gave LTA sixty days to comply with the discovery order. Doc. 41. By August 2015, LTA had secured new counsel. Doc. 52. In November 2015, LTA's new counsel moved to withdraw representation. Doc. 58. In December 2015, this Court granted that motion and extended the case schedule to permit LTA to secure new counsel. Doc. 66. LTA is unrepresented at this point.

## DISCUSSION

The Court must strike a balance between the public's interest in resolving cases on their merits and the efficient use of judicial resources. In order to do so, parties must participate in the process of litigation or face dispositive sanctions. For this reason, the counterclaims of LTA are now dismissed. The counterclaims of the other third-party defendants, Rybloom and Winder, are unaffected by this order of dismissal.

I.   *LTA's Counterclaims*

Terminating sanctions such as striking counterclaims are "very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912

---

[2]Third-party defendant Rybloom filed a letter in response to the order to show cause. Doc. 88. His response stated that LTA was unable to find an attorney. This letter is addressed further below.

OPINION AND ORDER - Page 4

(9th Cir. 2003)). The Ninth Circuit has developed a five-part test to determine whether dispositive sanctions, are warranted. This Court must consider,

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the distrct court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]

*Id.* (footnotes omitted).

Rybloom responded to this Court's order to show cause in a letter stating that he has been unable to afford an attorney to help build his case against Windriver and respond to this Court's orders. Doc. 88. Rybloom is not an attorney. I am unable to consider his filing to be LTA's response because LTA, a limited liability corporation, must be represented by a lawyer in order to participate in this lawsuit. It is a longstanding rule that corporations must appear in court through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-974 (9th Cir. 2004) (citing *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994)); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening *pro se* rather than retaining counsel to represent the corporation).

Given the public's interest in the expeditious resolution of litigation and this Court's own need to manage its docket, LTA's counterclaims are now dismissed. LTA has failed to participate in discovery for more than two years, has ignored this Court's discovery orders, and has failed to secure representation. The Court has attempted to use lesser sanctions, LTA has been given ample

OPINION AND ORDER - Page 5

time to secure counsel, and LTA has been warned several times that they would be subject to dispositive sanctions if they continued to ignore discovery requests. Accordingly, I see no option but to dismiss LTA's counterclaims.

II.     *Rybloom and Winder's Counterclaims*

Although I cannot consider Rybloom's response to be on behalf of LTA, his letter shows he is willing and able to participate in the process of litigation as an individual. Windriver has not moved to dismiss his or Winder's counterclaims. Futhermore, public policy strongly favors allowing cases to be decided on the merits, and this case is no exception.

Rybloom is LTA's designated contact in this lawsuit and many of Windriver's allegations about discovery noncompliance involve him. Accordingly, this Court offers the following instructions going forward. Assuming Rybloom wishes to proceed in this lawsuit *pro se*, that is to say by acting as his own attorney, he is welcome to do so. However, his *pro se* status will not excuse him from following basic rules of procedure. As such, I would encourage him to familiarize himself with the Federal Rules of Civil Procedure,[3] particularly Title V which governs Disclosures and Discovery, and Rule 41 which governs the Dismissal of Actions (such as LTA's counterclaims). I would also advise Mr. Rybloom to familiarize himself with this Court's local rules,[4] focusing on Local Rule 46, which governs discovery in this Court. If he has future questions about deadlines or

---

[3]The Federal Rules of Civil Procedure are available at no charge through Cornell Law School at https://www.law.cornell.edu/rules/frcp

[4]The Local Rules are publicly available at the Court's website at https://ord.uscourts.gov/index.php/local-rules/civil-procedure

OPINION AND ORDER - Page 6

time lines, he is encouraged to contact Courtroom Deputy Robert Reeves.[5] If Rybloom wishes to file a request for an extension of this time he may do so in a timely fashion and in compliance with the rules of procedure and this Court will consider the request, but not necessarily grant it. Rybloom is also advised to read this court's online information regarding self-representation.[6] Finally, should Rybloom wish to seek an attorney willing to take his case *pro bono*, that is free of charge, he is free to file a motion for this as well.[7]

Windriver has filed a motion to compel Rybloom and Winder to appear at deposition. Doc. 90. In its motion, Windriver points out that Rybloom has not kept his contact information up to date with the Court. *Id.* at 4. Having received no substantial reason why Rybloom and Winder were unable to appear at deposition, the motion to compel is granted. I hereby order both defendants to contact opposing counsel to schedule a time and place for this deposition or face the possibility of sanctions. In addition, Rybloom and Winder are instructed to ensure the clerk's office has their current contact information during any period of time in which they are unrepresented by an attorney.

## CONCLUSION

Despite the imposition of lesser sanctions, numerous warnings, and ample time to secure council, LTA has failed to participate in this litigation. Windriver's Motion for Imposition of

---

[5] Mr. Reeves is available by phone at (503)-326-8000 and by email at Robert_Reeves@ord.uscourts.gov.

[6] This information is available online at: https://ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself.

[7] The form for this motion can be found here: https://ord.uscourts.gov/index.php/component/phocadownload/category/90-pro-bono-representation. Mr. Rybloom is advised that filing a motion for *pro bono* representation does not guarantee an attorney will be appointed.

OPINION AND ORDER - Page 7

Discovery Sanctions (doc. 81) is therefore GRANTED and LTA's counterclaims are DISMISSED with prejudice. Windriver's motion to compel (doc. 89) is GRANTED as well. Rybloom and Winder are ordered to contact Windriver's counsel within thirty days to schedule depositions.

IT IS SO ORDERED

Dated this 9th day of November 2016.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge